USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

LARRY PANKEY

                Defendant.

1:24-cr-122-MKV

ORDER MEMORIALIZING BAIL
APPLICATION RULING

MARY KAY VYSKOCIL, United States District Judge:

        On March 13, 2024, Defendant appeared before Magistrate Judge Aaron for his presentment on a one-count Indictment (24 Cr. 122), charging him with possession of a firearm and ammunition after a felony conviction in violation of Title 18, United States Code, Sections 922(g)(1) and 2. At the hearing, the Government sought detention of Defendant pending trial, pursuant to 18 U.S.C. § 3142(e), on both danger and flight risk grounds. Defendant sought to be released pending trial on conditions proposed by Pretrial Services in its report. Specifically, Pretrial Services recommended that Defendant be released on various conditions, including curfew to be enforced with location monitoring with technology at the discretion of Pretrial Services and hours to be set by Pretrial Services. Defendant reportedly was prepared to agree to Pretrial Services' proposed conditions. Notwithstanding, after arguments by counsel and careful review, Magistrate Judge Aaron determined that there were no conditions or combination of conditions that could be imposed to ensure the safety of the community, and Defendant was therefore detained.

        On March 19, 2024, the Court arraigned Defendant on the Indictment, at which Defendant entered a plea of not guilty. In advance of the arraignment, Defendant filed an application seeking review of Magistrate Judge Aaron's bail determination and requesting that at arraignment the Court release Defendant on the conditions proposed by Pretrial Services. [ECF No. 8]. The Government

1

opposed the application in a letter to the Court [ECF No. 10] and again on the record, arguing that the Defendant posed both a danger to the community and a flight risk. At the conference immediately following arraignment, the Court heard arguments from counsel with respect to the bail application. Pretrial Services rested on its initial recommendation in its report.

Based on its review of the entire record, including Pretrial Services' report, the transcript of the arguments made before Magistrate Judge Aaron, the bail review application by Defendant, and the Government's opposition to the application, the Court ordered that Defendant be detained pending trial pursuant to Section 3142, finding that there was no condition or combination of conditions that would reasonably ensure the safety of the community. The Court did not find Defendant posed a flight risk. This order memorializes the Court's oral ruling on the record at the March 19, 2024 conference.

## DISCUSSION

On a motion for review of a Magistrate Judge's detention order, this Court must "fully reconsider" the issue of bail, and the Court must render its own determination *de novo*. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). Title 18, United States Code, Section 3142, governs the "[r]elease or detention of a defendant pending trial." 18 U.S.C. § 3142. Pursuant to Section 3142(e), if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required [or] the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

In making a determination, the Court is obligated to review and consider all of the factors relevant under Section 3142(g), including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves [] a . . . firearm;" "the weight of the evidence against the person;" "the history and characteristics of the person;" and "the nature

and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). It is the Government's burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and/or by a preponderance of evidence that the defendant presents risk of flight. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

At the bail hearing, after review of all relevant factors and the parties' arguments, the Court held that the Government had not met its burden of proving by a preponderance of the evidence that Defendant presents a flight risk. The Court held, however, that the Government did meet its burden of proving by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community. With respect to risk of flight, the Court considered Defendant's stable employment at the same job of approximately 12 years, his close family ties to the Bronx, New York, and the fact that Defendant had little incentive to flee because is not facing a mandatory minimum or significant prison time.

With respect to danger, the Court determined that, while not a presumption case, many of the Section 3142(g) factors weighed heavily in favor of detention. First, and most significantly, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves [] a . . . firearm" favor detention pending trial. 18 U.S.C. § 3142(g)(1). Defendant was arrested in this case while possessing a loaded firearm—with a round in the chamber—in a residential apartment building. Firearms, especially loaded ones, are inherently dangerous, particularly in dense urban environments such as a residential New York City apartment building. Moreover, at the time of the offense, Defendant was allegedly high on PCP and acting extremely erratically, flashing the firearm around in front of the apartment door of an individual. In addition, the firearm had a defaced serial number and officers recovered a knife from

3

Defendant's person at the scene. Indeed, Defendant concedes that "the charged offense is undoubtedly a serious one." [ECF No. 10]. The seriousness of the offense is further corroborated by the fact that the individual, whose apartment Defendant was outside of during the commission of the offense, subsequently obtained an order of protection against Defendant. As the Government correctly argued, the fact that this individual sought this protective order after Defendant's arrest demonstrates that, at least in her view, the fear of Defendant had not been reduced by his arrest or the bail conditions in the state court proceeding.

The Court further held that "the weight of the evidence against [Defendant]" weighed strongly in favor of detention. The Government represented that the officers who responded to the apartment building were wearing body cameras, and therefore, their encounter with Defendant—including his erratic demeanor and the recovery of the knife and firearm—is recorded. Likewise, Defendant's "history and characteristics," specifically his criminal history, weigh in favor of detention. Defendant has *three* prior *felony* convictions for selling drugs. While defense counsel argued that Defendant's "entire criminal history is completely devoid of any violent crime," the Court did not find that selling illegal drugs to citizens is "devoid" of danger and/or the potential for serious harm. Indeed, illegal drugs have the ability to cause bodily harm far worse than certain crimes that fit the *legal* definition of "violent."

Finally, the Court noted, on the record, that Defendant's argument that the state court had released Defendant on bail was not persuasive because, in making bail determinations, the New York state courts are *not* permitted to consider dangerousness, whereas federal courts are required to consider it.

Accordingly, the determination by Magistrate Judge Aaron that the Government met its burden of proving by clear and convincing evidence that no combination of conditions will

4

reasonably assure the safety of the community is AFFIRMED, and thus, Defendant shall be detained pending trial.

**SO ORDERED.**

**Date:  March 21, 2024**
    **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**